**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4959-17T3

BRANDON BECKFORD,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_____

Submitted December 2, 2019 – Decided February 3, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

Brandon Beckford, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Brandon Beckford appeals pro se from a final agency decision of the New Jersey Department of Corrections (DOC) that found him guilty of a prohibited act and sanctioned him.  Having reviewed the record in light of the governing legal principles, we affirm.

I.

We discern the following facts from the record.  On March 8, 2018, Special Investigations Division (SID) Investigator J. Newton conducted a review of the recorded inmate telephone system.  Investigator Newton located a call made by appellant on March 6, 2018 at approximately 8:30 p.m. to Ayeisha Forbes.  During the call, appellant instructed Forbes to initiate a three-way call with his cousin Crystal.  During the call, appellant stated, "alright look, I want to ask you something.  I don't want to say it I'm going to spell it."  Appellant then spelled out Suboxone,[1] a controlled dangerous substance (CDS).  Appellant requested that Crystal acquire "as many [of the drug] as she . . . can get her hands on."  Appellant assured Crystal that Forbes could pick up the drug from her.  Appellant asked that Crystal relay the purchase price to Forbes, who would then communicate the price to him.  Investigator Newton

_____

[1]  Appellant spelled the word "Suboxen," which the DOC determined meant Suboxone.  Therefore, we refer to it as Suboxone.

also located a second call between appellant and Forbes that occurred on March 7, 2018, during which Forbes asked how much of the drug he wanted, and appellant reiterated that he "wants all of [it]."

As a result of these calls, appellant was charged with violating prohibited act "*.803/*.203[,] [a]ttempting to possess or introduce any prohibited substances such as drugs, intoxicants or related paraphernalia not prescribed for the inmate by the medical or dental staff, in violation of N.J.A.C. 10A:4-4.1(a)." Appellant pleaded not guilty to this charge and was granted a counsel substitute to represent him in his ensuing hearing.

On March 9, 2018, a hearing was held, at which appellant asserted he made no attempt to purchase Suboxone or introduce it into the prison. C. Ralph, a disciplinary hearing officer, found appellant guilty of *.803/*.203 and entered an adjudication of disciplinary charge:

> [Appellant] waived his [twenty-four hour] notice and plead not guilty stating he was trying to get pills for his girlfriend[.] SID Inv. Newton reported [appellant] was attempting to introduce CDS into the institution. [Ralph] listened to phone calls . . . where [appellant] specifically asked his cousin [C]rystal to get [S]uboxone (as many as she could) and [Forbes] . . . would pick them up. [Forbes] is on [appellant's] visit list. Crystal is not[.] [Appellant] stated the drugs were not meant for the institution.
>
> . . . .

[Ralph] relies on [appellant] admitt[ing] to asking his cousin to get [S]uboxone[.] [Appellant] did not [s]pecifically state how to introduce them, [but] he did admit to attempting to possess CDS. [Forbes] is a visitor who could attempt to bring them into NJDOC[.]

After the hearing, appellant received sanctions, including 120 days' loss of commutation time, 120 days' administrative segregation, and 365 days of urine monitoring. Appellant appealed the officer's determination, claiming that he did not seek "to introduce drugs into the institution" and was merely "instructing [Forbes] to get the [Suboxone] for herself." Appellant argued that the phone conversations did not indicate he had asked Forbes to bring anything to the prison and that she does not visit him. That same day, Erin Nardelli, a DOC associate administrator, entered a disposition of disciplinary appeal, upholding the hearing officer's decision. This appeal ensued.[2]

On appeal, appellant argues that the DOC's determination denied him due process because the agency restricted him from hearing the recordings that purportedly supported its findings. In addition, largely for the same reason,

---

[2] On August 6, 2018, we entered orders granting motions by appellant to proceed as an indigent and to file his notice of appeal as within time and denying his motion for a stay pending appeal. On March 14, 2019, we entered an order granting appellant's motion to file a brief as within time.

A-4959-17T3

appellant claims that the decision was not grounded in credible or substantial evidence.

Appellant first contends that "the evidence relied on by the [DOC] does not support [its] findings." We disagree.

Our review of the DOC's final agency decision is deferential, and we must uphold it unless the decision "is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence." In re Taylor, 158 N.J. 644, 657 (1999) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). The relevant standard of review is "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record' considering 'the proofs as a whole.'" Id. at 656 (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)).

N.J.A.C. 10A:4-9.15(a) provides that "[a] finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961) (quoting In re Hackensack Water Co., 41 N.J. Super. 408, 418 (App. Div. 1956)). In that regard, appellant's initial phone call with Forbes and Crystal, as well as his subsequent

5

phone call with Forbes, support the hearing officer's determination that appellant attempted to possess or introduce a prohibited substance such as drugs not prescribed to him and was therefore in violation of *.803/*.203. Indeed, appellant does not dispute that he asked Crystal to obtain the Suboxone and deliver the drugs to Forbes, who was on his visitor's list. Assuming arguendo that appellant did not explicitly state that Forbes should bring the drugs to the prison, it was reasonable for the hearing officer to conclude that was the purpose of the transaction. Thus, we conclude that the DOC's determination that appellant was guilty of attempting to introduce Suboxone, thereby violating N.J.A.C. 10A:4-4.1(a), is supported by ample, credible evidence in the record. See In re Taylor, 158 N.J. at 656; In re Pub. Serv. Elec. & Gas Co., 35 N.J. at 376; N.J.A.C. 10A:4-9.15(a).

Equally without merit is appellant's argument that he was denied due process because the agency denied his request to hear the actual recordings of his telephone conversations with Crystal and Forbes. Inmates subject to disciplinary proceedings do not receive the full spectrum of rights accorded to criminal defendants, but they must be accorded a minimum level of due process. Avant v. Clifford, 67 N.J. 496, 521-22 (1975). The Court in Avant clarified that these rights include

(a) written notice of the claimed violations[;] (b) disclosure . . . of evidence[;] (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross[-]examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body . . . members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons (for acting).

[Id. at 523 (alterations in original) (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).]

See also McDonald v. Pinchak, 139 N.J. 188, 202 (1995) (stating that the Avant requirements "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due process rights of the inmates"). An inmate's rights to confront and cross-examine witnesses and present evidence are predicated upon that inmate making a request to do so. Id. at 197 (quoting N.J.A.C. 10A:4-9.14(a)).

Contrary to appellant's argument, the DOC afforded him all due process rights to which he was legally entitled. See Avant, 67 N.J. at 523. Appellant was notified of his charge on March 9, 2018, and a hearing proceeded expeditiously that same day after he waived his right to twenty-four hours' notice. Appellant was represented by a counsel substitute, and hearing officer Ralph was an impartial tribunal. Appellant had the opportunity to call

7

witnesses on his behalf and confront and cross-examine them, which he declined to do. Because the DOC scrupulously adhered to the procedures mandated by <u>Avant</u>, appellant's due process claims have no merit.

To the extent we have not specifically addressed any remaining arguments raised by the parties, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION